Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 1584 | DATE | July 6, 2004 |
| CASE TITLE | Lynette Mannie v John E. Potter, Postmaster | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☒ Status hearing set for 7/15/04, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry]
**Memorandum opinion and order entered. Defendants' motion to dismiss for failure to state a claim, which has been converted to a Rule 56 motion for summary judgment, is denied.**

(11) ☒ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUL 7 - 2004 date docketed | 9 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| GS courtroom deputy's initials | | 2004 JUL -6 PM 3: 29 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
DOCKETED
JUL 7 - 2004

| | |
|---|---|
| LYNETTE MANNIE,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br>United States Postal Service,<br><br>    Defendant. | No. 04 C 1584<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lynnette Mannie filed the instant complaint on March 1, 2004, against her employer, the United States Postal Service, seeking damages for discrimination, retaliation, and creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act, 29 U.S.C. § 701. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), which the court has converted to a Rule 56 motion for summary judgment. For the reasons stated herein, defendant's motion is denied.

## FACTS

Plaintiff Lynnette Mannie was hired as a part-time regular mail processor by the United States Postal Service in August 1994. Plaintiff has been diagnosed as a paranoid schizophrenic, and has previously filed administrative complaints of employment discrimination and retaliation with the United States Postal Service Office of Equal Employment Opportunity (EEO).

On November 27, 2001, plaintiff filed an employment discrimination complaint in the Northern District of Illinois based on EEO Complaint of Discrimination in the Postal Service 1-J-607-0085-00. Plaintiff sought damages for discrimination, retaliation, and creation of a hostile work environment arising from events which occurred in 2000. Plaintiff alleged that because of her disability, she was not allowed to work as many hours as her co-workers and was deprived of the opportunity to work overtime hours, which constituted both discrimination and retaliation. In

addition, she alleged that actions and statements made by her supervisors and co-workers created a hostile work environment. Defendant's motion for summary judgment was granted as to plaintiff's retaliation and hostile work environment claims, but denied as to plaintiff's discrimination claim. Mannie v. Potter, No. 01 C 9097, 2003 WL 21799963 (N.D. Ill. Aug. 4, 2003) (the "2001 Action"). On December 5, 2003, a jury rendered a verdict against plaintiff's discrimination claim, which is currently being appealed to the Seventh Circuit.

The instant case was filed on March 1, 2004, and is based on EEO Complaint of Discrimination in the Postal Service 1-J-607-0115-01. Here, plaintiff again seeks damages for discrimination, retaliation, and creation of a hostile work environment, but bases her claims on events that occurred in May and June 2001. In her complaint, plaintiff alleges that she was ridiculed by her supervisors because of her disability and denied hours of employment, that personal information regarding her disability was revealed to co-workers, and that defendant failed to reasonably accommodate her disability. The text of her administrative complaint concerns two incidents in which she alleges that she was not paid for requested sick leave, and the investigative affidavit attached to plaintiff's response to defendant's motion to dismiss discusses plaintiff's assertions that she was humiliated, ridiculed, and discriminated against.

## DISCUSSION

Defendant has moved to dismiss for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6), arguing that plaintiff's complaint makes no allegations concerning the underlying administrative complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a "court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint." In re Nat'l Indus. Chem. Co. v. Steege, No. 98 C 4081, 1998 WL 887065, at *2 (N.D. Ill. Dec. 11, 1998) (citing Hill v. Trustees of Ind. Univ., 537 F.2d 248, 251 (7th Cir. 1976)).

Consideration of material extraneous to the four corners of the complaint requires the court to treat the motion to dismiss as a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(b). In order to review the past record of the administrative complaint underlying this action,

2

such as plaintiff's pre-complaint counseling documents and investigative affidavit, this court converted defendant's motion to dismiss to a Rule 56 motion for summary judgment, which requires a determination of whether there is no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The instant complaint, like plaintiff's 2001 Action, makes claims of discrimination, retaliation, and creation of a hostile work environment. Defendant argues that plaintiff's claims are barred by the doctrine of res judicata, which requires: 1) an identity of the parties or their privies; 2) an identity of the causes of action; and 3) a final judgment on the merits. People Who Care v. Rockford Bd. of Educ., 68 F.3d 172, 177 (7th Cir. 1995). Although there was a final judgment on the merits in the first suit, and there is identity of parties between plaintiff's two actions, the second element of res judicata is met only when the second action is "based on the same facts and raise[s] the same issues" as the 2001 Action. Id. at 177. A different set of facts taking place one year later than the circumstances giving rise to the first action can legitimately result in a separate cause of action with similar claims of discrimination, retaliation, and creation of a hostile work environment against the same employer. Thus, plaintiff's claims are not precluded by the doctrine of res judicata, because they arose from a new and different set of facts.

Defendant argues that the facts alleged in plaintiff's complaint do not arise out of the underlying administrative complaint and instead use the same wording as plaintiff's 2001 Action. However, it is possible that similar factual situations could have repeated themselves, and could give rise to a separate cause of action. In addition, the text of plaintiff's administrative complaint was very brief, stating only that "[o]n May 30, 2001[,] I reque[s]ted 4 1/2 hours of sick from supervisor Georgia Eaton and was not paid. Then on June 6, 2001[,] I requested 3 weeks of sick leave and annual to be used and I was not paid." This handwritten text filled the space limit provided on the administrative complaint form for explaining the discriminatory treatment, without additional space for details or specific incidents. Thus, the brief handwritten complaint may not have included all the facts involved in the dispute, as is indicated by plaintiff's investigative affidavit, which discusses additional humiliation, ridicule, and discrimination that

was not addressed in her administrative complaint.

However, "'the Federal Rules of Civil Procedures do not require a claimant to set out in detail the facts upon which he bases his claim.'" Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Instead, the rules simply require a "short and plain statement of the claim" that gives defendant fair notice of plaintiff's claim and the grounds on which it rests. Fed. R. Civ. P. 8(a); Id. at 168. Because plaintiff's complaint provides factual allegations, the types of claims alleged, and the administrative complaint number underlying the action, the complaint satisfies the minimum requirements of notice pleading.[1]

Whether the factual allegations in the complaint, the administrative complaint, or the investigative affidavit are true is a not matter to be resolved on a motion to dismiss or a motion for summary judgment prior to discovery.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for failure to state a claim, which has been converted to a Rule 56 motion for summary judgment, is denied. This matter is set for a report on status July 15, 2004.

**ENTER:**    **July 2, 2004**

Robert W. Gettleman
United States District Judge

---

[1] The primary case defendant relies on to support its argument that plaintiff's complaint is insufficient is Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984), which held that filing a right-to-sue letter with a district court did not satisfy pleading requirements. Baldwin is easily distinguishable from the instant case because the plaintiff in Baldwin only filed a right-to-sue letter, not a proper complaint, with the district court.

4